CARROLL, Judge
(concurring in part and dissenting in part).
I concur in the judgment of reversal. The order appealed from was clearly erroneous. The contingent fee contract, made in 1966, was for enforcement in the circuit *425 court of two claims which the appellant had filed against the estate of the decedent and which had been rejected by the personal representative. It had no reference to what the appellant might receive as a beneficiary of a will, the existence of which was not known at the time of the contingent fee contract.
However, I am unable to agree with the portion of the majority opinion whereby the court prejudged the right of the attorneys to proceed with action on the appellant’s claims (commenced seven or eight years ago under the 1966 contract, and not yet progressed to trial), and to be entitled to receive the contingent fee upon obtaining judgment thereon, regardless of the desires of the appellant as to whether the prosecution of the claims action should be resumed and completed, in the present situation.
My reasons therefor are, first, that such holding by this court amounts to a declaratory judgment on a question or questions not involved on this appeal, and which were not pleaded, tried and determined in the trial court. Secondly, in view of the subsequent discovery and probate of a will under which the appellant (creditor) is the sole beneficiary, questions may be raised by or on behalf of the beneficiary as to whether the pending action for recovery of her claims is moot, or otherwise need not be prosecuted (through no fault of hers, and because unnecessary due to the will, and no longer an adversary proceeding).
Such questions which could have some bearing on the contingent fee contract, with reference to the further prosecution of an action on the beneficiary’s claims against her estate, regardless of the merits thereof, should have been left for future determination by a trial court in an appropriate proceeding relating thereto, rather than be foreclosed by the opinion in this case, prematurely, in favor of one party or the other.